UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CRIMINAL ACTION NO. 3:09CR-73-S

COMMONWEALTH OF KENTUCKY                                   RESPONDENT/PLAINTIFF

v.

JA-RON S. TEAGUE                                           PETITIONER/DEFENDANT

MEMORANDUM OPINION

This matter is before the Court on Petitioner/Defendant Ja-Ron S. Teague's petition to remove his criminal proceeding pursuant to 28 U.S.C. § 1443. For the reasons set forth below, the Court will dismiss the petition and remand the action to state court.

I.

Teague is currently incarcerated at the Jefferson County Detention Center. He alleges that he has been indicted on state court criminal action no. 08-F-012691. He states that he is removing this action for "denial of racial equality, conflict of interest, cannot enforce civil rights/constitutional rights in this racist state trial and appeals courts and under imminent danger of serious injustices." His claims apparently stem from an adverse ruling by state court judge Hon. David Armstrong issued in response to Teague's *pro se* motion to be permitted to attend his grand jury indictment proceedings. Teague attempted to file an interlocutory appeal of this ruling that he does not think was properly filed by the state courts. Teague alleges that "the Commonwealth of Kentucky is a breeding ground of modern day slavery which violates the defendant's civil rights which is prohibited by the United States 13th Const. Amed." Teague further believes that the judges, prison officials, and prosecutors are acting in concert with one another because they are all paid by the Commonwealth of Kentucky creating an inherent

conflict of interest. Teague states that unless this Court intervenes "then the Rodney King like excessive use of force will continue."

## II.

A state defendant may remove his criminal prosecution only as provided in 28 U.S.C. § 1443. This section permits removal of a criminal action by a defendant:

> (1)  Against any person who is denied or cannot enforce in the courts of [a State] a right under any law providing for the equal civil rights of citizens of the United States . . .; or
>
> (2)  For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

With respect to subsection (1), a removal petition must satisfy a two-pronged test. *See Johnson v. Mississippi*, 421 U.S. 213 (1975). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Johnson*, 421 U.S. at 219 (quoting *State of Georgia v. Rachel*, 384 U.S. 780, 792 (1966)).

> Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice. That a removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1).

*Id.* (citing *City of Greenwood v. Peacock,* 384 U.S. 808, 825 (1966)). Second, a petitioner must show that he cannot enforce the specified federal right in state court. *Johnson*, 421 U.S. at 219. "This provision normally requires that the 'denial be manifest in a formal expression of state law,' such as a state legislative or constitutional provision, 'rather than a denial first made

2

manifest in the trial of the case.'" *Id.* (quoting *Rachel*, 384 U.S. at 799, 803) (internal quotation marks omitted).

Even if Teague could satisfy the first prong, *Rachel*, 384 U.S. at 804 (holding that allegations of a denial of rights under the Civil Rights Act of 1964 satisfied the first prong), his petition wholly fails to satisfy the second prong because he fails to allege a "formal expression of state law," § 1443(1), that prohibits his enforcing his federal rights in state court. Rather, it appears from Teague's petition that he believes that the state court officials have acted improperly in his case alone and that he will not be able to get a fair trial in state court. This is insufficient to justify removal. As the United Stated Supreme Court has eloquently and forcefully explained:

> It is not enough to support removal under § 1443 (1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, ***or that the defendant is unable to obtain a fair trial in a particular state court***. ***The motives of the officers bringing the charges may be corrupt, but that does not show that the state trial court will find the defendant guilty if he is innocent, or that in any other manner the defendant will be "denied or cannot enforce in the courts" of the State any right under a federal law providing for equal civil rights.*** The civil rights removal statute does not require and does not permit the judges of the federal courts to put their brethren of the state judiciary on trial. Under § 1443 (1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

*Peacock*, 384 U.S. at 827. Because Teague has alleged an error of state law, the state appellate courts should be able to vindicate his rights. For these reasons, removal is not proper under § 1443(1).

Nor does Teague's criminal action satisfy the alternative bases for removal under

3

§ 1443(2). "The first clause [of subsection (2)], 'for any act under color of authority derived from any law providing for equal rights . . .[,]' has been examined by the Supreme Court and held available only to federal officers and to persons assisting such officers in the performance of their official duties." *Detroit Police Lieutenants and Sergeants Ass'n v. City of Detroit*, 597 F.2d 566, 568 (6th Cir. 1979) (citing *Peacock*, 384 U.S. at 815). As to the second clause of § 1443(2) ("for refusing to do any act on the ground that it would be inconsistent with such law"), the Supreme Court has noted that "[i]t is clear that removal under that language is available only to state officers." *Peacock*, 384 U.S. at 824 n.22; *Detroit Police Lieutenants and Sergeants Ass'n*, 597 F.2d at 568 ("We believe that this provision of the statute was designed to protect state officers from being penalized for failing to enforce discriminatory state laws or policies by providing a federal forum in which to litigate these issues."). As Teague is not a federal officer or a person assisting a federal officer in the performance of his duties or a state officer, neither clause of § 1443(2) applies.

Teague's petition makes only unsupported conclusory statements of racial inequality. Furthermore, Teague has not asserted that there is a formal expression of state law preventing him from enforcing his rights in state court. Rather, it appears that Teague believes he has been the victim of targeted, individualized discrimination. Thus, removal is not proper under § 1443. As procedural guidance, however, the Court advises that should Teague believe that his federal constitutional rights have been violated during his criminal proceeding, he should first exhaust his available state-court remedies (on direct appeal and by way of any post-conviction collateral attacks, such as a RCr 11.42, for instance) and then file a federal habeas petition under 28 U.S.C. § 2254.

## III.

Because removal is not authorized under § 1443, this Court is without jurisdiction to entertain Teague's criminal action at this time. As such, the Court will dismiss Teague's petition and summarily remand the action pursuant to 28 U.S.C. § 1446(c)(4).[1]

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc: Petitioner/Defendant
Clerk, Jefferson Circuit Court
Jefferson County Attorney
4411.008

---

[1] Pursuant to § 1446(c)(4), "If it clearly appears on the face of the notice [of removal of a criminal prosecution] and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."

5